UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moro Aircraft Leasing, Inc..             Case No. 3:10-cv-2708
       Plaintiff,

    v.                                     MEMORANDUM
                                             OPINION & ORDER

John L. Keith, et al.,
       Defendants.

       Two Defendants in this case, Corporate Lending & Corporate Leasing, Inc. ("CLCLS"), and Lorena M. Harvey, move pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) to set aside my order confirming an arbitration award in favor of Plaintiff Moro Aircraft Leasing, Inc. Plaintiff opposes the motion and has also requested costs, attorney fees, and sanctions on grounds Defendants' motion for relief from judgment is frivolous. For the reasons stated below, Defendants' motion for relief from judgment is denied, and Plaintiff's request for attorney fees, costs, and sanctions is denied.

## I.    BACKGROUND

       Plaintiff initiated this litigation in 2010. The case arises out of a dispute over a funding agreement for the purpose of allowing Plaintiff to expand its business. On July 8, 2011, CLCLS and Harvey, along with Plaintiff and *pro se* Defendant William B. Watson, III, filed a stipulated motion to stay this action pending completion of arbitration. (Doc. No. 27).

1

Pursuant to my order of July 5, 2012 (Doc. No. 34), Plaintiff filed its application to confirm the arbitration award on July 25, 2012. (Doc. No. 35). Defendants neither opposed the application to confirm the award, nor moved to vacate it. Plaintiff did, however file a reply brief in support of its motion to confirm. (Doc. No. 36). With the briefing period completed, I granted Plaintiff's motion and confirmed the arbitration award. (Doc. No. 37).

## II.  POSITIONS OF THE PARTIES

Defendants now move for relief from judgment for the following reasons: (1) the arbitrator lacked jurisdiction to adjudicate the parties' dispute; (2) the punitive damage award was contrary to Florida law; (3) the arbitrator's findings were irrational and therefore exceeded his powers; and (4) Defendants, who were not represented by counsel, notified the arbitrator that they objected to having to appear at arbitration.

In contrast, Plaintiff points out that Defendants failed to oppose the application for confirmation and maintains that my order confirming the award is valid because I had subject matter jurisdiction.

## III.  RELIEF FROM JUDGMENT UNDER RULE 60(b)

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation,'" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)), and is only available in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original); *accord Mcguire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013). Indeed, "[a] movant that seeks relief under Rule 60(b) must show 'extraordinary circumstances justifying the reopening of a final judgment.'" *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (quoting *Gonzalez v. Crosby*,

545 U.S. 524, 535 (2005)). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of her case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) neither permits parties to relitigate the merits of claims, nor to raise new claims that could have been raised during the litigation of the case. *O'Connel v. Miller*, No. 00-1864, 8 F. App'x 434, at *435 (6th Cir. 2001).

### A. RELIEF FROM VOID JUDGMENTS

Fed R. Civ. P. 60(b)(4) provides that I may grant relief from judgment if the judgment is void. A judgment may be set aside as void "where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Where, as here, a party purports to challenge a court's subject matter jurisdiction, Rule 60(b)(4) relief is only available only upon a showing that the rendering court lacked an "arguable basis" of jurisdiction. *Id.* A judgment is not void "simply because it may have been erroneous." *Id.* (citations omitted).

In this case, Defendants contend the arbitration award was void for lack of subject matter jurisdiction because Defendants' attorney lacked authority to stipulate to arbitration. As stated above, however, Rule 60(b)(4) is not concerned with the validity of the underlying arbitration, but instead is concerned with the existence of the *court's* subject matter jurisdiction. Defendants' claim, therefore, amounts not to a jurisdictional challenge rendering judgment void, but a challenge to the validity of the underlying arbitration. Such a complaint is not redressable by Rule 60(b)(4).

3

As to subject matter jurisdiction, I expressly found diversity jurisdiction pursuant to 28 U.S.C. § 1332 (*see* Doc. No. 37 at 2), and Defendants have failed to establish the Court lacked an "arguable basis" of jurisdiction. *United Student Aid Funds, Inc.*, 559 U.S. at 271. Accordingly, Defendants' motion for relief from judgment pursuant to 60(b)(4) is denied.

### B. OTHER REASONS JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT

Rule 60(b)(6) provides relief from a judgment for any reason that is justified, excluding circumstances that are premised on other Rule 60(b) provisions. Fed. R. Civ. P. 60(b)(6); *Mcguire*, 738 F.3d at 750; *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment . . . [provided that relief] is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."). Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 863-64. Moreover, "[t]he decision to grant Rule 60(b)(6) relief is a case-by-base inquiry that requires the trial court to intensively balance numerous factors, including competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond*, 249 F.3d at 529). Further, "a Rule 60(b)(6) motion is not a substitute for an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

In this case Defendants claim: (1) the arbitrator erred in determining the respondents were properly subject to the arbitration; (2) the arbitrator erred by deciding the issue when Defendants objected to the terms of the arbitration and were without counsel; (3) the determination regarding Defendants' liability was "fundamentally irrational"; and (4) the punitive damage award was made in "manifest disregard for the law." (Doc. No. 48 at 7, 10-11, 13). Defendants, however, do not offer any explanation as to how these assertions amount to extraordinary circumstances within the

meaning of Rule 60(b)(6).  This is especially true where, as here, Defendants did not oppose Plaintiff's motion to confirm the award and did not otherwise advance these arguments prior to confirmation.

Importantly, I observe that all the parties originally stipulated to the now-disputed arbitration.  (Doc. No. 27).  In granting Plaintiff's motion to confirm arbitration, I noted that all respondents were provided notice, were provided input as to the choice of the arbitrator, and further noted that one respondent attended the arbitration in person, while the others provided answers or objections in writing.  (Doc. No. 37 at 2-3).  Had Defendants taken objection to the arbitrator's findings, they were free to challenge the arbitration ruling or oppose Plaintiff's motion to confirm the arbitration award.  Defendants did not do so, however, and they are unable to now demonstrate extraordinary circumstances entitling them to relief under Rule 60(b)(6).  Accordingly, Defendants' Rule 60(b)(6) motion for relief from judgment is denied.

### IV.    MOTION FOR SANCTIONS

Plaintiff contends Defendants' Rule 60(b) motion is frivolous and has therefore requested I award costs, attorney fees, and sanctions pursuant to Federal Rule of Civil Procedure 11, *see* Fed. R. Civ. P. 11(c) (authorizing sanctions for frivolous filings), as well as pursuant to N.D. Ohio L.R. 7.1(i) (authorizing attorney fees, costs, and sanctions for frivolous motions).  Upon review, I find that Defendants' motion is neither frivolous nor improper.  That Defendants did not prevail under these circumstances does not render their request either frivolous or improper.  As to the multiple inconsistent dates on Defendants' motion for relief and brief in support, Plaintiff admits the date discrepancies were likely nothing more than typos, not attempted misrepresentations as to the filing and service dates.  In any event, Plaintiff, by its own admission, did not suffer any prejudice.  Rather, Plaintiff received email notification via the Court's ECF system as soon as the motion was filed.

Such circumstances do not give rise to an award of fees, costs, and sanctions. Plaintiff's request is not well taken and will be denied.

## V. CONCLUSION

For the reasons stated herein, Defendants' motion for relief from judgment is denied (Doc. No. 48), and Plaintiff's request for sanctions is denied.

So Ordered.

s/Jeffrey J. Helmick<br>
United States District Judge